# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| REBECCA WALKER, | ) |
| | ) |
|    Plaintiff, | ) |
| V. | ) Civ. Action No._____ |
| | ) JURY TRIAL DEMANDED |
| LOUIS DEJOY, POSTMASTER | ) |
| GENERAL, UNITED STATES | ) |
| POSTAL SERVICE, | ) |
| | ) |
|    Defendant. | ) |

# COMPLAINT

COMES NOW Plaintiff, Rebecca Walker, by undersigned counsel, and submits this pleading, stating as follows.

## I.  PRELIMINARY STATEMENT

1. This is an action by a current employee against her employer for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 623, et seq.

## II.  THE PARTIES

2. Plaintiff is a resident of Georgia and was employed by Defendant within the Northern District of Georgia's geographic scope.

3. Defendant Louis Dejoy, Postmaster, United States Postal Service ("Defendant") is responsible for providing postal service in the United States, as authorized Article I, Section 8, Clause 7 of the United States Constitution.

4. Defendant is present and doing business in the State of Georgia.

### III. JURISDICTION AND VENUE

5. Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 39 U.S.C. § 409 and 28 U.S.C. §§ 1331 & 1343(a).

6. The violations of Plaintiff's rights alleged herein, occurred within the Northern District of Georgia.

7. Venue is proper under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events and omissions giving rise to the claims asserted occurred in the geographic area covered by the Atlanta Division of the United States District Court for the Northern District of Georgia.

8. Plaintiff submits to the jurisdiction of this Court by filing suit.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff is a fifty-year old former Georgia certified Peace Officer who began employment with Defendant in April 2022 in the Customer Service Division.

10. Plaintiff's main supervisor asked Plaintiff how old she was on their first meeting.

11. There was no legitimate job-related reason for any supervisor to enquire as to Plaintiff's age.

12. Most of Plaintiff's colleagues were younger people.

13. Whenever Plaintiff enquired as to other positions, she was that it made sense because if "I were you at your age I wouldn't want to do this job."

14. Supervisors would not answer questions when Plaintiff asked.

15. Plaintiff was not invited or included in social interactions with her colleagues.

16. Younger employees were regularly invited to work-related socialization events and were given training opportunities.

16. Plaintiff regularly requested training but was not offered any.

17. On an occasion she was directed to attend, she was given the wrong location.

18. Plaintiff was terminated in August 2022 without any objective justification.

19. The only previous direct comment made to Plaintiff about her ability to do her job was the supervisor statement that she (the supervisor) didn't think the job Plaintiff worked at was appropriate for her age.

## COUNT I

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

20. Plaintiff restates and re-alleges paragraphs 1 through 19 of the Complaint as if fully set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays;

a) That the Court enter judgment against Defendant and for Plaintiff.

b) That the Court enter judgment against Defendant for Plaintiff's expenses of litigation incurred in this matter, including reasonable attorneys' fees;

c) That the Court award back pay and compensatory damages including pain and suffering;

d) That the Court grant Plaintiff a trial by jury; and

e) That the Court grant Plaintiff such other and further relief including mandamus and injunction as necessary to ensure compliance with the ADEA, as it deems just and proper.

This 5th day of November 2022.

    s/JohnDWales
**John D. Wales, Esq.**
Georgia Bar No. 730785
Law Office of John D. Wales
2451 Cumberland Parkway SE
Suite 3843
Atlanta, Georgia 30339
Tel. (770) 850-2545
Fax (770) 850-2548
Email: johndwales@aol.com